# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ARDIS CLAYTON TRAPP, III,
    *Plaintiff*,

v.

CHRYSALIS CENTER *et al.*,
    *Defendants*.

No. 3:19-cv-01372 (JAM)

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**

On September 4, 2019, plaintiff Ardis Clayton Trapp, III, filed a *pro se* complaint in this action alleging claims stemming from the termination of his employment with defendant Chrysalis Center. Doc. #1. Defendants filed a partial motion to dismiss. Doc. #19.

On December 3, 2019, I granted defendants' motion "for substantially the reasons stated by defendants as follows. First, the Court dismisses plaintiff's claim for whistleblower retaliation as to all defendants under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, for failure of plaintiff to timely exhaust his claim with the Department of Labor. *See Daly v. Citigroup Inc.*, 939 F.3d 415, 428 (2d Cir. 2019). Second, the Court dismisses plaintiff's claims under the Americans with Disabilities Act (ADA) as to the individual defendants DeSantis and Guerra on the ground that they are not subject to suit under the ADA. *See LaVecchia v. Milford Bd. of Fire Commissioners*, 2019 WL 4889114, at *3 (D. Conn. 2019). Third, the Court dismisses plaintiff's claim under the Collective Bargaining Agreement against DeSantis and Guerra for lack of any plausible allegation that DeSantis and Guerra were parties to this agreement. Fourth, the Court dismisses plaintiff's claim for intentional infliction of emotional distress as to all defendants for failure of plaintiff to allege sufficient facts that plausibly rise to the extraordinary level of extreme and outrageous conduct that is required to maintain such a claim. This order dismisses only those

1

claims described above as to the particular defendants and is without prejudice to plaintiff's filing of an amended complaint and to the remaining claims that are not subject to defendants' partial motion to dismiss." Doc. #25.

On December 24, 2019, Trapp filed a substantially similar amended complaint but adding three new individual defendants. Doc. #27. On January 27, 2020, defendants moved to dismiss the entire complaint. Doc. #32. I granted three motions for extension of time until March 20, 2020, for Trapp to file any objection to the motion to dismiss, but he has not filed any objection or other response to the motion to dismiss. Docs. #36, #38, #41.

The Court's local rules provide that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2). Having reviewed defendants' renewed motion to dismiss, I conclude as to the federal law claims that defendants have demonstrated again that Trapp failed to exhaust his Sarbanes-Oxley Act claim and that none of the individual defendants may be liable under the ADA. Although an ADA claim may be stated against defendant Chrysalis Center as Trapp's employer, the amended complaint does not state non-conclusory facts to plausibly show that the reason for Trapp's termination of employment was because of disability. *See Green v. Cellco P'ship*, 218 F. Supp. 3d 157, 162 (D. Conn. 2016). Accordingly, I will dismiss Trapp's federal law claims with prejudice in light of the opportunity he has previously had to file an amended complaint. As to Trapp's state law claims, I decline to exercise supplemental jurisdiction, and Trapp may separately pursue any such state law claims to the extent that relief may be available by filing a separate action in state court. *See* 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d

106, 117-18 (2d Cir. 2013). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 13th day of April 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge